IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs October 18, 2017

**STATE OF TENNESSEE v. RANDY JOE RICHARDS**

**Appeal from the Circuit Court for Marshall County**
**No. 2015-CR-50     Forest A. Durard, Jr., Judge**

_____

**No. M2017-00030-CCA-R3-CD**

_____

Defendant, Randy Joe Richards, was convicted of theft of property valued over $10,000 but less than $60,000, vandalism less than $500, and driving on a revoked license. As a result, he was sentenced to an effective sentence of fifteen years as a Range III, persistent offender. On appeal, Defendant challenges the sufficiency of the evidence and his sentence. After a review, we determine that the evidence was sufficient to support the convictions and that the trial court did not abuse its discretion in sentencing Defendant to fifteen years in incarceration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Donna Hargrove, District Public Defender; Michael J. Collins (on appeal and at trial) and James Tucker (at trial), Assistant District Public Defenders, for the appellant, Randy Joe Richards.

Herbert H. Slatery III, Attorney General and Reporter; Linda D. Kirklen, Assistant Attorney General; Robert J. Carter, District Attorney General; and Weakley E. Barnard and William Bottoms, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by the Marshall County Grand Jury for theft of property valued at more than $10,000 but less than $60,000, vandalism less than $500, and driving on a revoked license. Robert Paul Chumbley, the co-owner of K and R Trucking LLC,

reported one of his trucks missing on January 28, 2015. The truck, a red 2005 International tractor trailer, was worth between $12,500 and $15,000 at the time it went missing. The truck had been driven by Mr. Chumbley that day. He described it as being in "perfect working condition" when he parked the truck on Old Belfast Road between 4:00 and 5:00 p.m. About an hour after the truck was reported missing, it was spotted traveling on Old Belfast Road toward South Ellington Parkway in Marshall County. Officer Clyde Ragsdale initiated a stop of the truck. Defendant was driving the truck. During the stop, Officer Ragsdale discovered that Defendant's driver's license was revoked. Defendant maintained that he did not steal the truck. Rather, Defendant claimed that he was performing maintenance on the truck for his employer, Steve Bowden.

Mr. Chumbley came to the scene and identified the truck as the one he reported missing. When he inspected the truck, he noticed smoke coming from the rear of the truck. He was able to ascertain that the smoke was coming from the brake pads and drums and noticed that all four rear tires were flat. The damage was most likely caused by the failure to release the air brakes before driving. Mr. Chumbley estimated the cost of replacing the tires was $800 and the brake pads between $80 and $85. In addition to the cost of the repairs, K and R Trucking LLC lost business during the time that the truck was being repaired.

At trial, Mr. Bowden, an attorney and retired Marshall County General Sessions Judge, testified that he used to own a trucking company but that he was not operating the business at the time of Defendant's arrest. Additionally, Mr. Bowden testified that Defendant had never performed maintenance on his trucks. There was additional testimony that Old Belfast Road was a route that Defendant could take to get to his residence. Defendant did not testify or present any proof.

The jury found Defendant guilty as charged in the indictment. After preparation of a presentence report, the trial court held a sentencing hearing. At the hearing, the trial court determined that Defendant had at least five prior felony convictions in the same class or the next two classes lower than the conviction offense, classifying Defendant as a Range III Persistent Offender. The trial court enhanced Defendant's sentence based on a determination that Defendant had criminal convictions in addition to those necessary to establish the range. *See* T.C.A. § 40-35-114(1). The trial court noted Defendant's lengthy criminal history of at least thirty-four misdemeanors, which included multiple convictions for driving under the influence. In addition, the trial court determined that Defendant had previously failed to comply with conditions of release into the community based in part on the fact that Defendant's parole had been revoked on at least two occasions. *See* T.C.A. § 40-35-114(8). Finally, the trial court determined that Defendant was on parole at the time of the current offenses. *See* T.C.A. § 40-35-114(13)(b). The trial court noted that Defendant's criminal conduct did not involve serious bodily injury

but concluded that the maximum sentence for a C felony was "the least amount of incarceration to serve the principles of the Sentencing Reform Act." As a result, the trial court sentenced Defendant to concurrent sentences of fifteen years for theft of property, eleven months and twenty-nine days for vandalism, and six month for driving on a revoked license. Defendant filed a timely notice of appeal.

*Analysis*

*I. Sufficiency of the Evidence*

On appeal, Defendant insists that the evidence is insufficient to support the conviction of theft of property valued over $10,000. Specifically, Defendant argues that a "reasonable juror" would have found the facts only supported a conviction of joyriding because Defendant was stopped on Old Belfast Road, the same road where the truck was taken, and was actually headed in the direction of the location of the shop where the truck was originally parked. Defendant argues that the evidence did not support theft because "[o]ne does not steal a vehicle and head back toward the crime scene if a person intends to deprive the owner of the vehicle." The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. The relevant question is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury's verdict replaces the presumption of innocence with one of guilt; therefore, the burden is shifted onto the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). The prosecution is entitled to the "'strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom.'" *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Questions concerning the "'credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact.'" *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008)). "'A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory.'" *Reid*, 91 S.W.3d at 277 (quoting *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). It is not the role of this Court to reweigh or reevaluate the evidence, nor to substitute our own inferences for those drawn from the evidence by the trier of fact. *Id.* The standard of review is the same whether the conviction is based upon direct evidence, circumstantial evidence, or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. Theft of property is a Class C felony when the value of the property is more than $10,000 but less than $60,000. T.C.A. § 39-14-105(a)(4). "Effective consent" means express or apparent assent in fact, including assent by a person with legal authority to act for another. T.C.A. § 39-11-106(a)(9). A person can "deprive" another of property when it is withheld permanently or for such a time as to "substantially diminish the value or enjoyment of the property to the owner." T.C.A. § 39-11-106(a)(8)(A). A "person . . . acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." T.C.A. § 39-11-302(a). A "person . . . acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." *Id.* at (b).[1]

In the case herein, the evidence overwhelmingly indicated that Defendant was driving the truck that had been reported stolen by Mr. Chumbley. When stopped near the repair shop on Old Belfast Road, Defendant told officers that he thought the truck belonged to Mr. Bowden and that he was taking it for repairs. The reasons given by Defendant for driving the truck were contradicted by Mr. Bowden's testimony at trial that he did not operate a trucking company at the time and did not employ Defendant as a driver or repairman. Moreover, Defendant's driver's license was revoked at the time he was driving the truck and there was testimony that Old Belfast Road was a "side street" that could be taken to get to Defendant's house and would require minimal driving on the highway. The jury reviewed the proof and, as evidenced by their verdict, chose to discredit Defendant's theory of the case, instead finding that Defendant intended to commit a theft of the truck. The evidence was sufficient to support the jury's verdict. Defendant is not entitled to relief on this issue.

*II. Sentencing*

Defendant next argues that the trial court improperly sentenced him to an excessive sentence, contrary to the purposes and principles of sentencing. In fact, he argues that the sentence is "not appropriate" because it "does not fit the crime or the

---

[1] This Court has held that theft of property is a nature-of-conduct offense rather than a result-of-conduct offense. *See State v. Hershel David Standridge*, No. M2002-01699-CCA-R3-CD, 2003 WL 22243249, at *6 (Tenn. Crim. App. Sept. 30, 2003) (citing *State v. Tracy F. Leonard*, No. M2001-00368-CCA-R3-CD, 2002 WL 1987963, at *26 (Tenn. Crim. App. Aug. 28, 2002), *perm. app. denied* (Tenn. Dec. 16, 2002); *State v. Marcus Webb*, No. W2002-00614-CCA-R3-CD, 2003 WL 214451, at *4 (Tenn. Crim. App. Jan. 29, 2003), *perm. app. denied* (Tenn. July 7, 2003)), *perm. app. denied* (Tenn. Mar. 16, 2004).

offender." The State, on the other hand, insists that the trial court did not abuse its discretion.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). Appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2007).

At the conclusion of the sentencing hearing, the trial court commented that Defendant had participated in "criminal activity . . . unabated for 42 years nearly" and that the offenses "graduated through the years from things that weren't particularly serious to recently [an] aggravated robbery conviction," effectively "bumping" up the proverbial "ladder of criminal activity" over time. The trial court also noted that

Defendant was on parole at the time he committed the current offense and had already failed at parole at least twice before. The trial court determined that Defendant's criminal history and past failures at rehabilitation weighed in favor of lengthy incarceration despite the fact that no serious bodily injury resulted from the theft of the truck. The trial court sentenced Defendant to a sentence within the appropriate range after a consideration of the principles and purposes of sentencing. Despite citing limited prison resources and jail overcrowding as reasons for overturning his sentence, Defendant has not shown that the trial court abused its discretion in sentencing him to an effective sentence of fifteen years. Defendant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


_____

TIMOTHY L. EASTER, JUDGE